IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 18-101 |
| MITCHELL WHITE | : | |

### MOTION *IN LIMINE* TO PRECLUDE DEFENDANT FROM TAKING A POSITION DURING TRIAL THAT CONTRADICTS HIS PROFFER STATEMENTS

On May 1, 2017, defendant Mitchell White and his counsel[1] met with the government to discuss the case pending against the defendants. At this meeting, or shortly beforehand, the defendant, his counsel, and the government signed a proffer letter. The letter established ground rules for the defendant's meeting with the government, stating:

> [I]f your client is a witness or party at any trial or other legal proceeding and testifies or makes representations through counsel materially different from statements made or information provided during the "off-the-record" proffer, the government may cross-examine your client, introduce rebuttal evidence and make representations based on statements made or information provided during the "off-the-record" proffer. This provision helps to assure that your client does not abuse the opportunity for an "off-the-record" proffer, make materially false statements to a government agency, commit perjury or offer false evidence at trial or other legal proceedings.

See Attachment A. During this proffer, the defendant admitted to several acts that are at issue during his trial, scheduled to begin on Tuesday, May 21, 2022. Based on the information provided by the defendant, DEA Special Agent Daniel Soeffing prepared a written report detailing the proffer meeting. See Attachment B.[2]

---

1 At the time, the defendant was represented by attorney Marc Neff.
2 Because this report contains law enforcement information not relevant to this motion, they are filed on the docket with redactions.

These proffer statements were made by the defendant under an obligation to tell the truth about information the defendant and their counsel asked the government to consider in formulating an appropriate resolution of this matter. However, despite numerous attempts to resolve this case, the defendant intends to proceed to trial. At trial, any argument or testimony that directly contradicts the admissions made by the defendant during his proffer would open the door to the admission of the proffer evidence by the government. If the defense offers such evidence, whether by direct testimony, eliciting information in cross-examination of government witnesses, or in argument, the government intends to prove the defendant's contrary admissions.

Accordingly, the government seeks an order permitting the introduction of evidence of admissions made by the defendant in his proffer statements to rebut defense evidence or arguments materially different from those statements at trial.

**I.    Admissions by Mitchell White**

The grand jury charged the defendant with, among other things, Conspiracy to Distribute a Controlled Substance (Count 5). This charge relates to a scheme to pre-sign prescription pads for Advanced Urgent Care ("AUC") doctor Highland Campbell from January 2014 through May 2015. During this time frame, Campbell's DEA license was suspended, precluding him from lawfully distributing controlled substances. During this period the defendant, along with defendant Mehdi Nikparvar-Fard and defendant Jason Dillinger routinely signed prescription pads for Campbell, knowing his license was suspended.

During the defendant's proffer session, he detailed his involvement in prescribing controlled substances while employed at various AUC locations. He also explained in detail his involvement, as well as the involvement of others, in the scheme to pre-sign prescription pads for Campbell. Specifically, the defendant told investigators that he learned about Highland

Campbell's suspended license from office manager Joanne Rivera.

According to the defendant, beginning around September 2014 through January 2015 or February 2015, he agreed to pre-sign prescriptions and give them to Campbell. The defendant stated Campbell would see 80-90 patients in a day, with approximately 70% of those being pain management patients. According to the defendant, he and Campbell would split the patients up, each seeing half. The defendant said he provided Campbell 15-20 pre-signed prescriptions at a time. According to the defendant, co-defendants Jason Dillinger and Matthew DiGirolamo also pre-signed prescriptions for Highland Campbell, and all three were concerned about their liability for doing so. The defendant stated that co-defendant Nikparvar-Fard was also involved in pre-signing these prescriptions.

During the time frame the defendant provided pre-signed prescriptions to Highland Campbell, the defendant believed Campbell had a drug problem. The defendant said he believed his conduct became "wrong" when he could no longer trust Highland Campbell; the defendant admitted he should never have pre-signed prescriptions at all. The defendant stated that eventually he began to counter-sign charts of patients seen by Campbell after the fact, despite not having evaluated any of those patients.

The defendant stated that, based on his experience, 15 of every 50 patients at the City Line location and 22 - 23 of every 50 patients at the Roosevelt Boulevard location were not "legitimate" patients, and that these numbers were consistent the entire time he worked at AUC. Lastly, the defendant admitted to writing prescriptions that were not needed by patients but said he didn't have a choice and was trying to make the best of a bad situation. The defendant said he continued this practice until his hours were cut in April or May 2016.

**II.     Use of Proffered Information**

While Rule 11(e)(6) of Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence generally prohibit admission of statements made during a guilty plea or guilty plea discussions, the provisions of the rule can be overcome by agreement between the parties. United States v. Mezzanatto, 513 U.S. 196, 201-02 (1995). Thus, where a proffer letter allows for use of proffer information under certain conditions, such as to rebut materially different representations or testimony, the proffer statements are admissible for such purposes. See Mezzanatto, 513 U.S. 196, 201-02 (1995); United States v. Hardwick, 544 F.3d 565, 569-70 (3d Cir. 2008); United States v. Burch, 156 F.3d 1315, 1320-21 (D.C. Cir. 1998); United States v. Dortch, 5 F.3d 1056, 1069 (7th Cir. 1993). Similarly, where a defendant, through argument by counsel or cross-examination of government witnesses, purposely creates an impression of fact that is contrary to the admissions of the defendant in his proffer, the proffer admissions become admissible to rebut the materially different impression created by the questioning. See United States v. Krilich, 159 F.3d 1020, 1025-26 (7th Cir. 1998) (defense evidence contradicting the proffer statement, presented through cross examination of government witnesses, renders the proffer statement admissible on rebuttal); United States v. Griffin, 84 F.3d 912, 920 (7th Cir. 1996) (cross examination of government witnesses raised inconsistencies between defendant's admissions in proffer sessions and the position offered by defense counsel in his opening statement and cross examinations).

As the Seventh Circuit noted in Dortch, a "defendant waives any objection to the use of his own proffer statement to impeach him at trial when he signs a proffer letter that specifically grants the government permission to impeach him if he testifies inconsistently." Id. This result fosters the "laudable policy" of "encouraging defendants to tell the truth during both plea

4

negotiations and subsequent trial." Id.; Mezzanatto, 513 U.S. at 204 ("The admission of plea statements for impeachment purposes enhances the truth-seeking function of trials and will result in more accurate verdicts.").

Thus, while the defendants have no obligation to testify, should they elect to testify, or make representations that are materially different from statements made or information provided during the proffer, the government may (a) cross-examine the defendants with their proffer statements; (b) introduce rebuttal evidence based on the defendants' proffer statements; and (c) make representations based on the defendants' proffer statements. See Dortch, 5 F.3d at 1068 (evidence from proffer admissible if evidence presented through testimony of defense witness contradicts proffer statements); United States v. Goodapple, 958 F.2d 1402, 1409 (7th Cir. 1992) (evidence from proffer admissible if defendant's trial testimony contradicts proffer statements).

Moreover, because one can "represent" a position through argument or cross-examination, a defendant's proffer statements also will become admissible if the defendant should argue or cross-examine witnesses in a manner materially different from the defendant's proffer statements. See United States v. Raisley, 466 Fed. Appx. 125, 130 (3d Cir. 2012) (government permitted to use defendant's proffer statement at trial to rebut opening statement); United States v. Velez, 354 F.3d 190 (2d Cir. 2004) (government permitted to use defendant's proffer statement at trial to rebut defense evidence or argument inconsistent with those statements); United States v. Rebbe, 314 F.3d 402 (9th Cir. 2002); Krilich, 159 F.3d at 1025-26 (affirming use at trial of proffer statements as a result of defense counsel's cross examination questions); Griffin, 84 F.3d at 919 (defense counsel's use of cross-examination was a vehicle for putting the defendant's defense before the jury; such questioning permitted use of the defendant's proffer statements in rebuttal). As Judge Easterbrook stated in Krilich, "[e]vidence

is evidence, whether it comes out on direct or cross-examination. One can 'otherwise present' a position through argument of counsel alone, so it is easy to see how a position can be 'presented' by evidence developed on cross-examination and elaborated by counsel." Krilich, 159 F.3d at 1025 (interpreting proffer letter providing for use of statements if defendant should "otherwise present a position inconsistent with the proffer").

Thus, should a defendant take the witness stand and testify at this trial in a manner materially different from the admissions made during the proffer, the government is permitted to confront the defendant with his or her admissions or prove the contents of the admissions on rebuttal. Further, if a defendant, on cross-examination of government witnesses, or through witnesses called by defense, elicits testimony that is contrary to, or materially different from, the defendant's admissions of guilt in the proffer, the government may again introduce the defendant's admissions on rebuttal.[3] Finally, if a defendant chooses to argue to the jury a factual scenario that is contrary to the facts admitted by the defendant, the government must have the right to correct the false argument presented by defense counsel by alerting the jury to the contents of the defendant's proffer.

The question then becomes what specific conduct or actions by defense would open the door to introduction on rebuttal of the proffer statements made by defendant. The defendant made specific admissions during his proffer. He admitted to providing pre-signed prescriptions to another person, knowing that person was barred from prescribing controlled substances.

---

[3] Griffin, 84 F.3d at 921, the Seventh Circuit cited with approval the means by which the district court provided guidance to defense counsel to obtain preliminary rulings on whether specific questions on cross-examination would permit proffer statements to be used against the defendant. See also U.S. v. Dales, 2009 WL 3806273 (E.D. Pa., Nov. 12, 2009) (holding that the government may introduce a defendant's proffer once he presents a contradictory defense at trial).

Nonetheless, the defendant continued to do so and further admitted to reviewing and signing patient charts after the fact despite not having seen those patients. The defendant admitted he was aware that a large percentage of patients at two different AUC locations were not legitimate patients. The defendant also admitted he routinely provided prescriptions to people who did not need them; admitted knowing this was wrong; and admitted continuing to do so up until his hours were cut.

The defendant must not elicit testimony on direct or cross-examination, or present arguments to the jury, that are materially different from the admissions made during the proffer statements. Should he violate this restriction, that defendant's proffer statement rightly becomes admissible. The ruling sought by the government in this matter does not prevent the defendant from making arguments or conducting direct or cross-examinations that cast doubt on the government's evidence or whether the government has met its burden. It merely prevents the defendants from advancing an affirmative position materially different from the proffer. See Krilich, 159 F.3d at 1026. "[T]he use of proffers in rebuttal encourages criminal defendants to present defenses at trial that are not fraudulent." Rebbe, 314 F.3d at 408.

> [Defendant] had available to him a range of possible arguments and defenses at trial that could have been used without triggering the proffer's admission. For instance, [defendant] was free to challenge the sufficiency of the Government's evidence; call into question the credibility of Government witnesses; question Government witnesses about their knowledge and qualifications; challenge inconsistencies in the Government's evidence; and ask Government witnesses about their motives for testifying against [defendant].

Id. "Impeachment of a witness need not be 'contrary to' or 'inconsistent with' a defendant's admission of guilt in a bargaining proffer." Krilich, 159 F.3d at 1025.

Thus, arguments or testimony that directly contradict the factual representations made by the defendant would allow the government to introduce the admissions made by the defendant.

7

It is the government's intention to maintain the integrity of the trial process while at the same time preserving the right of the defendant to present a defense at trial that is not fraudulent. Accordingly, the government requests that this Court render a pre-trial ruling identifying the areas in which the defendant's arguments, cross-examination, and presentation of testimony will render the defendant's admissions made in his proffers admissible.

        Respectfully submitted,

        JENNIFER ARBITTIER WILLIAMS
        United States Attorney


        <u>s/Christopher E. Parisi</u>
        Christopher E. Parisi
        Assistant United States Attorney

Date: April 4, 2022

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that on this date, I caused a true and correct copy of the GOVERNMENT'S MOTION IN LIMINE to be filed electronically, and served via email to the counsel listed below:

> Ann Flannery, Esq.
> 1835 Market Street
> Suite 2900
> Philadelphia, PA   19103
> acf@annflannerylaw.com

> s/Christopher E. Parisi
> Christopher E. Parisi
> Assistant United States Attorney

Date: April 4, 2022