**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **CRIMINAL NO. 18-101-06** |
| | : | |
| **MITCHELL WHITE** | : | |

**ORDER**

AND NOW, this _____ day of _____, 2022, upon consideration of Defendant Mitchell White's Motion *In Limine* to Limit Expert Testimony and the government's response thereto,

IT IS HEREBY ORDERED that the Motion is GRANTED. The government shall (1) disclose any opinion of its expert witness and the basis for the opinion in advance of trial as required by Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure; (2) control the examination of its expert witness through question and answer format; and (3) instruct its expert witness in advance to limit his answers to the specific questions asked.

**BY THE COURT:**


_____
**HON. GENE E.K. PRATTER
United States District Court Judge**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **CRIMINAL NO. 18-101-06** |
| | : | |
| **MITCHELL WHITE** | : | |

**MOTION *IN LIMINE* TO LIMIT EXPERT TESTIMONY TO A**
**PROPER TESTIMONIAL FORMAT AND OPINIONS**
**DISCLOSED IN ACCORDANCE WITH RULE 16(a)(1)(G)**

The government has given notice that it intends to call Dr. Stephen Thomas as an expert witness in this case. Dr. Thomas has previously testified for the government in numerous federal criminal cases involving the prescription of opioids, including at least two in the Eastern District of Pennsylvania. Based upon a review of some of Dr. Thomas' prior testimony, Dr. Thomas is by nature a lecturer with endless opinions – opinions sometimes noted as such and other times presented as if they are fact. His preferred method of direct testimony in opioid prescription cases is through a PowerPoint presentation in which he controls the "examination" by calling out "next slide," followed by self-directed discussion, followed by "next slide." Pages and pages of testimony go by without a question being posed.

This method of testimony is patently unfair, as it precludes defense counsel from objecting to a question and makes it difficult to identify specific testimony in a motion to strike a portion of the answer, or to know when or what of Dr. Thomas' countless opinions is coming so as to ascertain whether it was properly disclosed under Fed.R.Crim.P 16(a)(1)(G). It undermines the Court's ability to prevent the jury from hearing inadmissible evidence pursuant to Fed.R.Evi. 103(d). In this case, where numerous defendants are on trial and evidence may be

admissible against some but not all of the defendants, this form of testimony also precludes counsel from objecting and/or requesting a timely limiting instruction under Fed.R.Evi. 105.

True to its pattern in prior cases, the government has provided defense counsel with a deck of PowerPoint slides, explaining that "Dr. Thomas uses this PowerPoint when he testifies to educate the jury about the medical topics he is discussing." Email from J. Bologna to Defense Counsel, December 16, 2021, conveying PowerPoint entitled "AUC Trial Primer." The PowerPoint is wide-ranging and includes lists of controlled substances and their categorization under the Controlled Substances Act; quotations from model policies and legislation; quotations from historic figures devoid of testimonial context; Dr. Thomas' personal "working definitions" and best practices; and graphics and illustrations that are completely indecipherable without the unknown accompanying testimony.[1] While specific demonstrative slides may (or may not) be appropriate and unobjectionable in connection with specific questions and answers, defendant objects to the use of a freeform PowerPoint lecture to supplant question and answer format, for the reasons set forth above.

Dr. Thomas' proclivity to give run-on testimony extends beyond PowerPoint slides. His testimony frequently contains opinions interjected in the middle of long-winded answers to questions. This provides no warning to opposing counsel or the Court that an opinion is coming. For example, while testifying in *United States v. Bado*, 15-cr-37 (EDPA), Dr. Thomas was asked, "Because a patient comes in and says, I've been taking eight oxycodones a day, are [sic] what do you do as a doctor?" Three and a half pages of testimony later, with no other question posed, Dr. Thomas suddenly opined that if a person has told a doctor that he/she had borrowed a

---

[1] Mr. White has made his questions and objections to specific slides known to government counsel and will not bring those objections to the Court's attention unless and until they remain unresolved after the parties confer.

pain pill from a sister or mother, "In my opinion…giving that person drugs is to expect them to end up in the illegal black market for prescription drugs that we know exists in this society…[T]hat can't be acceptable under any circumstances." Testimony of Dr. Stephen Thomas, October 3, 2016 at pp. 89-93.  It is highly doubtful that this opinion – and the bases and reasons for it – were disclosed prior to trial as required under Fed.R.Crim.P 16(a)(1)(G).

      While defense counsel can object or move to strike an answer when it is nonresponsive, run-on, or constitutes undisclosed opinion, having to do so repeatedly is prejudicial to the defendant and confusing to the jury.  Interjecting repeated objections may appear obstructionist or annoying to jurors – laypeople unaware of the evidentiary issues involved and the potential prejudice when rules are not followed.  And, of course, it is difficult to "unring" the bell once an answer has been given, especially an answer from a witness deemed to be an "expert" by the Court.

      Frequently a witness's testimonial style is unknown until the witness testifies, leaving counsel and the Court to respond after repeated breaches of evidentiary rules and trial protocol.  But this witness has demonstrated again and again his proclivity to give run-on, nonresponsive answers in cases involving similar issues.  The government has signaled its intention to have Dr. Thomas give a lecture-style presentation utilizing PowerPoint slides, which is an open-ended invitation to run-on testimony.   If left unchecked, the proclivities of this witness – coupled with the government's desire to give him free reign -- undoubtedly will serve to thwart the fair application of evidentiary and procedural rules of admissibility and disclosure.

      The Court has the inherent authority to control the presentation of evidence in its courtroom and the responsibility to administer the Rules of Evidence so that the trial is fair, needless delay is avoided, and truth and a just determination are secured.  *See* Fed.R.Evi. 102.

Defendant therefore respectfully requests that the Court (1) disallow opinions for which proper notice has not been given; (2) disallow in advance the use of self-directed "PowerPoint-style" testimony to supplant a question-and-answer format; and (3) direct the government to instruct Dr. Thomas in advance to limit his answers to specific questions posed.

                                                            Respectfully submitted,

                                                            */s/ Ann C. Flannery*

                                                            ANN C. FLANNERY
                                                           Law Offices of Ann C. Flannery, LLC
                                                           1835 Market Street, Suite 2900
                                                           Philadelphia, PA 19103
                                                           215.636.9002
                                                           *acf@annflannerylaw.com*

                                                           Attorney for Mitchell White

Date: April 28, 2022

4

## CERTIFICATE OF SERVICE

I, Ann C. Flannery, counsel for defendant Mitchell White, hereby certify that on this 28th day of April, 2022, I caused a true and correct copy of the foregoing Motion *in Limine* to Limit Expert Testimony to be served by ECF upon all counsel of record, including the following:

> Christopher Parisi
> U.S. Attorney's Office
> 615 Chestnut Street, Suite 1250
> Philadelphia, PA 19106-4476
> Christopher.Parisi@usdoj.gov
>
> Mary Kay Costello
> U.S. Attorney's Office
> 615 Chestnut Street, Suite 1250
> Philadelphia, PA  19106
> Marykay.Costello@usdoj.gov

*/s/ Ann C. Flannery*

ANN C. FLANNERY
Law Offices of Ann C. Flannery
1835 Market Street, Suite 2900
Philadelphia, PA 19103
215.636.9002
acf@annflannerylaw.com